FILED

07 AUG 23 AM 8:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE STEPHEN,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>　　　　　　　　　Respondents. | Civil No.　07-1573 JM (LSP)<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## REQUEST TO PROCEED IN FORMA PAUPERIS

　　　According to his prison trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

///

///

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

However, the Petition must be dismissed because, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that two civil rights complaints, filed with this Court pursuant to 42 U.S.C. § 1983, were improperly dismissed.[1] (*See* Pet. at 1, 6-7.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Therefore, his claims are not cognizable on under 28 U.S.C. § 2254.

## CONCLUSION

Accordingly, the Court **GRANTS** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice. To have the case reopened, Petitioner must, **no later**

///

///

---

[1] On October 11, 2006, the Court dismissed Petitioner's Third Amended Complaint, filed pursuant to 42 U.S.C. § 1983 in case number 06cv0171 L (WMc) [doc. no. 38]. Petitioner filed an appeal in the Ninth Circuit Court of Appeals, which was denied on December 12, 2006 [doc. no. 42]. On May 7, 2007, this Court dismissed Petitioner's Complaint, filed pursuant to 42 U.S.C. § 1983 [doc. no. 16. Petitioner appealed that determination to the Ninth Circuit Court of Appeals, which was denied on August 1, 2007 [doc. no. 22].

**than October, 12, 2007**, file a First Amended Petition, curing the deficiencies outlined in this Order.

**IT IS SO ORDERED.**

DATED: 8/21/07

Jeffrey T. Miller
United States District Judge